*E-FILED - 3/3/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMEN YAPUNDAHYAN, | ) | No. C 10-5181 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. | ) ) | |
| DONALD TUSEL, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for alleged civil rights violations. For the reasons stated below, the court dismisses the complaint with leave to amend.

**BACKGROUND**

According to the complaint, on October 21, 2010, defendant Hedgepeth took part in giving plaintiff forced medication. On that same day, defendants Tusel, Martinez, Torres, Williams, and Ramos also forced plaintiff to do something. Then, defendants Ortiz, West, Petersun, Travers, Rankin, Winn, Herrera, Crawford, Williams, Norm, and James allowed plaintiff to suffer numerous stab wounds. Defendant James did nothing to prevent the vicious actions of an unnamed person. And defendant Tusel had the tools to examine and stop plaintiff's wounds but did not.

**DISCUSSION**

A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

As an initial matter, to the extent that plaintiff intends to bring a class action, the class has failed to take even the initial step of filing a motion for the court to certify this matter as a class action, pursuant to Fed. R. Civ. P. 23. Moreover, the "class" consists of non-lawyer inmates proceeding without counsel. Pro se prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"). Therefore, this action will not be construed as a class action.

Plaintiff's claims potentially state an Eighth Amendment violation if he can sufficiently plead his allegations. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's

response to that need.  See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

    A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  Here, plaintiff has not provided the court with the sufficient information necessary to determine whether an Eighth Amendment claim for relief has been stated against any defendant.  "While a complaint . . . does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56, (2007) (citations omitted).  A complaint should be dismissed if it does not proffer "enough facts to state a claim for relief that is plausible on its face."  Id at 570.  However, district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints.  Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

    In this case, plaintiff must specifically identify what each named defendant did or did not do in order to state a claim with regard to each separate claim.  Plaintiff will be granted leave to amend to allege specifics.  In his amended complaint, he must establish legal liability of each person for the claimed violation of his rights.  Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633; see, e.g., Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent Eighth Amendment violation may be basis for liability).  Sweeping

1  conclusory allegations will not suffice; plaintiff must instead "set forth specific facts as to each
2  individual defendant's" deprivation of protected rights. <u>Leer</u>, 844 F.2d at 634.
3       In sum, plaintiff's allegations fail to specifically state what happened, when it happened,
4  what each defendant did, and how those actions or inactions rise to the level of an Eighth
5  Amendment violation. Without this basic information, the plaintiff's case must be dismissed.
6  The complaint need not be long. In fact, a brief and clear statement with regard to each claim
7  listing each defendant's actions regarding that claim is preferable. Accordingly, the complaint is
8  DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which
9  to amend to correct the deficiencies in his complaint if he can do so in good faith.

## CONCLUSION

11      1.    Plaintiff's complaint is DISMISSED without prejudice with leave to amend.
12      2.    Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date
13  this order is filed to cure the deficiencies described above. The amended complaint must include
14  the caption and civil case number used in this order (C 10-5181 RMW (PR)) and the words
15  AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the
16  prior complaint by reference. **Failure to file an amended complaint within thirty days and in**
17  **accordance with this order will result in dismissal of this action.**
18      3.    Plaintiff is advised that an amended complaint supersedes the original complaint.
19  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
20  in the amended complaint." <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981).
21  Defendants not named in an amended complaint are no longer defendants. <u>See</u> <u>Ferdik v.</u>
22  <u>Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).
23      4.    It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
24  Court informed of any change of address by filing a separate paper with the clerk headed "Notice
25  of Change of Address," and must comply with the court's orders in a timely fashion. Failure to
26  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
27  of Civil Procedure 41(b).
28  //

1    IT IS SO ORDERED.
2    DATED: __3/2/11__

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order of Dismissal with Leave to Amend
P:\PRO-SE\SJ.Rmw\CR.10\Yapundzhyan181dwla.wpd   5