*E-FILED - 6/3/11*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMEN YAPUNDAHYAN, | ) | No. C 10-5181 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF SERVICE; DIRECTING DEFENDANTS |
| v. | ) ) | TO FILE DISPOSITIVE MOTION OR NOTICE |
| DONALD TUSEL, et al., | ) ) | REGARDING SUCH MOTION |
| Defendants. | ) ) | |

Plaintiff, a state prisoner proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983 seeking damages for alleged civil rights violations. For the reasons stated below, the court orders service on defendants.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v.

1  Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

2      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
3  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
4  the alleged violation was committed by a person acting under the color of state law.  See West v.
5  Atkins, 487 U.S. 42, 48 (1988).

6  B.    Legal Claims

7      Plaintiff alleges that on October 21, 2010, defendants failed to treat or stop the physical
8  pain and harm experienced by plaintiff from the multiple stab wounds previously inflicted on
9  him.  That same day, plaintiff claims that defendants forced him to take medication which caused
10 him to suffer.  Liberally construed, plaintiff raises a cognizable claim of deliberate indifference
11 to his serious medical needs, and a violation of his right to be free from unwanted drugs.

12 **CONCLUSION**

13     1.    The clerk shall issue a summons and the United States Marshal shall serve,
14 without prepayment of fees, copies of the amended complaint in this matter (docket no. 9), all
15 attachments thereto, and copies of this order on **Dr. Donald Tusel, Treatment Team member**
16 **J. Martenez, Treatment Team member S. Torres, Correctional Counselor A. Williams, C**
17 **Ramos, Dr. Olson James, M. Ortez, I. Herrera, B. Peterson, D. Travers, B. Rankin, F.**
18 **Winn, G. Crawford, V. Norm, R. West, and E. Williams** at **Salinas Valley State Prison**.  The
19 clerk shall also serve a copy of this order on plaintiff and mail a courtesy copy of the amended
20 complaint to the California Attorney General's Office.

21     2.    No later than **ninety (90) days** from the date of this order, defendants shall file a
22 motion for summary judgment or other dispositive motion with respect to the cognizable claim
23 in the complaint.

24     a.    If defendants elect to file a motion to dismiss on the grounds that plaintiff
25 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
26 defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315
27 F.3d 1108, 1119-20 (9th Cir. 2003).

28     b.    Any motion for summary judgment shall be supported by adequate factual

1  documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

2  Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**

3  **qualified immunity found, if material facts are in dispute.  If defendants are of the opinion**

4  **that this case cannot be resolved by summary judgment, they shall so inform the court**

5  **prior to the date the summary judgment motion is due.**

6        3.      Plaintiff's opposition to the dispositive motion shall be filed with the court and

7  served on defendants no later than **thirty (30) days** from the date defendant's motion is filed.

8        a.      In the event defendants file an unenumerated motion to dismiss under

9  Rule 12(b), plaintiff is hereby cautioned as follows:[1]

10
> The defendants have made a motion to dismiss pursuant to Rule 12(b) of
> the Federal Rules of Civil Procedure, on the ground you have not exhausted your
> administrative remedies.  The motion will, if granted, result in the dismissal of
> your case.  When a party you are suing makes a motion to dismiss for failure to
> exhaust, and that motion is properly supported by declarations (or other sworn
> testimony) and/or documents, you may not simply rely on what your complaint
> says.  Instead, you must set out specific facts in declarations, depositions, answers
> to interrogatories, or documents, that contradict the facts shown in the defendant's
> declarations and documents and show that you have in fact exhausted your
> claims.  If you do not submit your own evidence in opposition, the motion to
> dismiss, if appropriate, may be granted and the case dismissed.

16        b.      In the event defendants file a motion for summary judgment, the

17  Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary  judgment by which
> they seek to have your case dismissed.  A motion for summary judgment under
> Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for
> summary judgment.  Generally, summary judgment must be granted when there is
> no genuine issue of material fact--that is,  if there is no real dispute about any fact
> that would affect the result of your case, the party who asked for summary
> judgment is entitled to judgment as a matter of law, which will end your case.
> When a party you are suing makes a motion for summary judgment that is
> properly supported by declarations (or other sworn testimony), you cannot simply
> rely on what your complaint says.  Instead, you must set out specific facts in
> declarations, depositions, answers to interrogatories, or authenticated documents,
> as provided in Rule 56(e), that contradict the facts shown in the defendants'
> declarations and documents and show that there is a genuine issue of material fact
> for trial.  If you do not submit your own evidence in opposition, summary

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  <u>See</u> <u>Wyatt v. Terhune</u>, 315 F.3d at 1120 n.14.

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.10\Yapundzhyan181srv.wpd     3

1  judgment, if appropriate, may be entered against you.  If summary judgment is
2  granted in favor of defendants, your case will be dismissed and there will be no
   trial.

3  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

4  Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317

5  (1986) (holding party opposing summary judgment must come forward with evidence showing

6  triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that

7  failure to file an opposition to defendant's motion for summary judgment may be deemed to be a

8  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff

9  without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges

10 v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

11     4.    Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's

12 opposition is filed.

13     5.    The motion shall be deemed submitted as of the date the reply brief is due.  No

14 hearing will be held on the motion unless the court so orders at a later date.

15     6.    All communications by the plaintiff with the court must be served on defendants,

16 or defendants' counsel once counsel has been designated, by mailing a true copy of the

17 document to defendants or defendants' counsel.

18     7.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

19 No further court order is required before the parties may conduct discovery.

20     For plaintiff's information, the proper manner of promulgating discovery is to send

21 demands for documents or interrogatories (questions asking for specific, factual responses)

22 directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to

23 matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).

24 Discovery may be further limited by court order if "(i) the discovery sought is unreasonably

25 cumulative or duplicative, or is obtainable from some other source that is more convenient, less

26 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by

27 discovery in the action to obtain the information sought; or (iii) the burden or expense of the

28 proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply

1   <u>with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it</u>
2   <u>to his benefit to wait until defendants have filed a dispositive motion which could include some</u>
3   <u>or all of the discovery plaintiff might seek.</u>  In addition, no motion to compel will be considered
4   by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
5   Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer
6   with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a
7   motion to compel he must send a letter to defendants to that effect, offering them one last
8   opportunity to provide him with the sought-after information.

9           8.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
10  and all parties informed of any change of address and must comply with the court's orders in a
11  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
12  pursuant to Federal Rule of Civil Procedure 41(b).

13          IT IS SO ORDERED.
14  DATED:  6/3/11                                      *Ronald M. Whyte*
                                                        RONALD M. WHYTE
15                                                      United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.10\Yapundzhyan181srv.wpd    5