*E-FILED on 9/24/12*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| ARMEN YAPUNDAHYAN, | ) | No. C 10-5181 RMW (PR) |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION TO |
| v. | ) | DISMISS |
| | ) | |
| DONALD TUSEL, et al., | ) | (Docket No. 45.) |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff, proceeding pro se, filed an amended civil rights complaint pursuant to 42

U.S.C. § 1983, alleging that defendants were deliberately indifferent to plaintiff's serious

medical needs, and violated his right to be free from unwanted drugs. Defendants have moved to

dismiss this action for failure to exhaust. Although given the opportunity, plaintiff did not file an

opposition. On July 31, 2012, the court provided plaintiff an opportunity to file a supplemental

opposition pursuant to Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012). On August 10,

2012, plaintiff filed a supplemental opposition.[1] On August 21, 2012, defendants filed their

_____

[1] On September 14, 2012, Plaintiff filed a motion for an extension of time to file his
supplemental opposition, as well as a response to the Woods warning, and a declaration of
Inmate Gipbsin. (Docket Nos. 57, 58, 59.) In those papers, Plaintiff "declared" and "swore" that
he received the court's Woods notice for the first time on August 27, 2012. However, Plaintiff
filed an opposition to the Woods notice on August 10, 2012, and submitted a declaration with
exhibits to demonstrate exhaustion. (Docket No. 51.) Plaintiff also requested an extension of
time to file his supplemental opposition, noting that he has not been able to make copies of

1   supplemental reply.  Having carefully considered the papers submitted, the court GRANTS

2   defendants' motion to dismiss for the reasons set out below.

3                                    **BACKGROUND**

4          According to the operative complaint, on October 21, 2010, plaintiff received multiple

5   stab wounds, and defendants failed to treat or stop the pain and harm experienced by plaintiff.

6   Plaintiff also claims that, that same day, defendants forced him to take medication which caused

7   him to suffer.

8                                    **DISCUSSION**

9   I.    Legal Standard

10         The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

11  with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

12  prisoner confined in any jail, prison, or other correctional facility until such administrative

13  remedies as are available are exhausted."  28 U.S.C. § 1997e(a).  Nonexhaustion under

14  § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving

15  the absence of exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding

16  a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the

17  pleadings and decide disputed issues of fact.  Id. at 1119-20.  If the court concludes that the

18  prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without

19  prejudice.  Id. at 1120.

20         The California Department of Corrections and Rehabilitation ("CDCR") provides its

21  inmates and parolees the right to appeal administratively "any departmental decision, action,

22  condition, or policy which they can demonstrate as having an adverse effect upon their welfare."

23  Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative

24  appeals alleging misconduct by correctional officers.  Cal. Code Regs. tit. 15, § 3084.1(e).  In

25  order to exhaust available administrative remedies within this system, a prisoner must submit his

26

27  exhibits or documents.  However, because Plaintiff has already filed his supplemental

28  opposition, the motion for an extension of time is DENIED.

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.Rmw\CR.10\Yapundzhyan181mtdexh.wpd

complaint on CDCR Form 602 ("602") and proceed through several levels of appeal:

(1) informal level grievance filed directly with any correctional staff member, (2) first formal

level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal

filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR

director or designee ("Director's level").  Cal. Code Regs. tit. 15, § 3084.5; Brodheim v. Cry,

584 F.3d 1262, 1264-65 (9th Cir. 2009).  This satisfies the administrative remedies exhaustion

requirement under Section 1997e(a).

II.      Analysis

       Defendants argue that plaintiff has failed to exhaust either claim.  The evidence shows

that plaintiff did not file a 602 appeal about any health care issue while at Salinas Valley State

Prison between October 21, 2010 – the date plaintiff alleges the constitutional violations

occurred – and November 16, 2010 – the date this action commenced.  (Decl. Boyett at ¶ 4.)

More importantly, there is no record that plaintiff filed any grievance regarding any health care

issue addressed to the Director's level of review between that same time period.  (Decl. Zamora

at ¶ 6.)  Plaintiff has not provided any evidence to the contrary.

       In his supplemental opposition and declaration, although plaintiff argues that he never

received defendants' motion to dismiss, he objects to receiving the Wyatt warning, see Wyatt,

315 F.3d at 1120 n.4, because he believes he has exhausted all of his claims.  Plaintiff submits

that he exhausted his administrative appeal on October 9, 2009, when one of plaintiff's appeals

was partially granted in 32-09-13432.  (Dkt. No. 53.)  However, this administrative appeal, and

all the administrative appeals plaintiff attached to his pleading (dkt. no. 53), are dated before

October 21, 2010 – the date plaintiff alleges the underlying federal constitutional violations

occurred.  Thus, none of these administrative appeals could have exhausted the underlying

claims.  Further, plaintiff has not provided any other evidence of exhaustion to contradict

defendants' submission that plaintiff did not file any administrative grievance about any health

care issue while at Salinas Valley State Prison between the date of the challenged events, and the

date he commenced this action.  Because the court concludes that plaintiff has failed to exhaust

1   his administrative remedies, defendants' motion to dismiss is GRANTED.

2                                    **CONCLUSION**

3          Defendants' motion to dismiss is GRANTED.  Judgment shall be entered in favor of

4   defendants.  The clerk shall terminate all pending motions and close the file.

5          IT IS SO ORDERED.

6   DATED:   ; 146 13 4

7                                          RONALD M. WHYTE
                                           United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.Rmw\CR.10\Yapundzhyan181mtdexh.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

YAPUNDZHYAN et al,

               Plaintiff,

  v.

TUSEL et al,

               Defendant.

_____/

Case Number: CV10-05181 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armen Yapundzhyan. T-67180
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95532

Dated: September 24, 2012

                            Richard W. Wieking, Clerk
                            By: Jackie Lynn Garcia, Deputy Clerk