*E-FILED on 9/24/12*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ARMEN YAPUNDAHYAN, | ) | No. C 10-5181 RMW (PR) |
| Plaintiff, | ) ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | ) ) | |
| DONALD TUSEL, et al., | ) | (Docket No. 45.) |
| Defendants. | ) ) ) | |

Plaintiff, proceeding pro se, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants were deliberately indifferent to plaintiff's serious medical needs, and violated his right to be free from unwanted drugs. Defendants have moved to dismiss this action for failure to exhaust. Although given the opportunity, plaintiff did not file an opposition. On July 31, 2012, the court provided plaintiff an opportunity to file a supplemental opposition pursuant to Woods v. Carey, 684 F.3d 934, 939-41 (9th Cir. 2012). On August 10, 2012, plaintiff filed a supplemental opposition.[1] On August 21, 2012, defendants filed their

---

[1] On September 14, 2012, Plaintiff filed a motion for an extension of time to file his supplemental opposition, as well as a response to the Woods warning, and a declaration of Inmate Gipbsin. (Docket Nos. 57, 58, 59.) In those papers, Plaintiff "declared" and "swore" that he received the court's Woods notice for the first time on August 27, 2012. However, Plaintiff filed an opposition to the Woods notice on August 10, 2012, and submitted a declaration with exhibits to demonstrate exhaustion. (Docket No. 51.) Plaintiff also requested an extension of time to file his supplemental opposition, noting that he has not been able to make copies of

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.Rmw\CR.10\Yapundzhyan181mtdexh.wpd

1  supplemental reply.  Having carefully considered the papers submitted, the court GRANTS
2  defendants' motion to dismiss for the reasons set out below.

## BACKGROUND

According to the operative complaint, on October 21, 2010, plaintiff received multiple stab wounds, and defendants failed to treat or stop the pain and harm experienced by plaintiff. Plaintiff also claims that, that same day, defendants forced him to take medication which caused him to suffer.

## DISCUSSION

I.   <u>Legal Standard</u>

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  28 U.S.C. § 1997e(a).  Nonexhaustion under § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving the absence of exhaustion.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  <u>Id.</u> at 1119-20.  If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice.  <u>Id.</u> at 1120.

The California Department of Corrections and Rehabilitation ("CDCR") provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers.  Cal. Code Regs. tit. 15, § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must submit his

---

exhibits or documents.  However, because Plaintiff has already filed his supplemental opposition, the motion for an extension of time is DENIED.

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.Rmw\CR.10\Yapundzhyan181mtdexh.wpd

1  complaint on CDCR Form 602 ("602") and proceed through several levels of appeal:
2  (1) informal level grievance filed directly with any correctional staff member, (2) first formal
3  level appeal filed with one of the institution's appeal coordinators, (3) second formal level appeal
4  filed with the institution head or designee, and (4) third formal level appeal filed with the CDCR
5  director or designee ("Director's level").  Cal. Code Regs. tit. 15, § 3084.5; Brodheim v. Cry,
6  584 F.3d 1262, 1264-65 (9th Cir. 2009).  This satisfies the administrative remedies exhaustion
7  requirement under Section 1997e(a).

8  II.     Analysis

9        Defendants argue that plaintiff has failed to exhaust either claim.  The evidence shows
10 that plaintiff did not file a 602 appeal about any health care issue while at Salinas Valley State
11 Prison between October 21, 2010 – the date plaintiff alleges the constitutional violations
12 occurred – and November 16, 2010 – the date this action commenced.  (Decl. Boyett at ¶ 4.)
13 More importantly, there is no record that plaintiff filed any grievance regarding any health care
14 issue addressed to the Director's level of review between that same time period.  (Decl. Zamora
15 at ¶ 6.)  Plaintiff has not provided any evidence to the contrary.

16       In his supplemental opposition and declaration, although plaintiff argues that he never
17 received defendants' motion to dismiss, he objects to receiving the Wyatt warning, see Wyatt,
18 315 F.3d at 1120 n.4, because he believes he has exhausted all of his claims.  Plaintiff submits
19 that he exhausted his administrative appeal on October 9, 2009, when one of plaintiff's appeals
20 was partially granted in 32-09-13432.  (Dkt. No. 53.)  However, this administrative appeal, and
21 all the administrative appeals plaintiff attached to his pleading (dkt. no. 53), are dated before
22 October 21, 2010 – the date plaintiff alleges the underlying federal constitutional violations
23 occurred.  Thus, none of these administrative appeals could have exhausted the underlying
24 claims.  Further, plaintiff has not provided any other evidence of exhaustion to contradict
25 defendants' submission that plaintiff did not file any administrative grievance about any health
26 care issue while at Salinas Valley State Prison between the date of the challenged events, and the
27 date he commenced this action.  Because the court concludes that plaintiff has failed to exhaust
28

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.Rmw\CR.10\Yapundzhyan181mtdexh.wpd

1  his administrative remedies, defendants' motion to dismiss is GRANTED.

## CONCLUSION

Defendants' motion to dismiss is GRANTED. Judgment shall be entered in favor of defendants. The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED:   ; 146134

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\SJ.Rmw\CR.10\Yapundzhyan181mtdexh.wpd
4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

YAPUNDZHYAN et al,

        Plaintiff,

  v.

TUSEL et al,

        Defendant.

Case Number: CV10-05181 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armen Yapundzhyan. T-67180  
Pelican Bay State Prison  
PO Box 7500  
Crescent City, CA 95532

Dated: September 24, 2012

        Richard W. Wieking, Clerk  
        By: Jackie Lynn Garcia, Deputy Clerk